# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES ADAM COPENHAVER,           *

Petitioner,                      *

v.                               *          Civil Action No. PWG-15-1070

WARDEN,                          *

Respondent.                      *
                               ***

## MEMORANDUM OPINION

Respondent seeks dismissal of James Adam Copenhaver's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 for lack of exhaustion and mootness. Resp. ECF No. 5. I granted Copenhaver an opportunity to respond, ECF No. 6, but he has not done so.

The matter is ready for disposition. After considering the pleadings, exhibits, and applicable law, I find a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For reasons discussed below, I will DENY AND DISMISS the Petition with prejudice.

## Discussion

Copenhaver, who is an inmate in the custody of the Maryland Commissioner of Correction, claims the Maryland Parole Commission ("Parole Commission") violated his constitutional rights by not conducting a timely hearing to determine whether he violated the conditions of his mandatory supervised release. As relief, he asks to be provided a revocation hearing or release to his previous parole conditions. Pet. 2, ECF No. 1.[1]

Absent a valid excuse, a state prisoner seeking federal habeas corpus relief must first present each of his claims to the state courts having jurisdiction to consider them. 28 U.S.C. § 2254(b),(c); *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 1(b) (authorizing rules to apply to habeas petitions under §2241); *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Castille v. Peoples*, 489

---

[1] Citations to Petition refer to CM/ECF page numbers.

U.S. 346, 349- 52 (1989). Exhaustion requires presenting the claim to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999). Respondent avers that Copenhaver neither filed any petitions in state court concerning a revocation hearing nor sought judicial review to challenging the Parole Commission's May 26, 2015 decision to revoke his mandatory supervised release. Resp. 2; Maryland Judiciary Case Search, Resp. Ex. 2, ECF No. 5-3. As Copenhaver does not demonstrate exhaustion of state court remedies, his Petition must be dismissed for lack of exhaustion.

Respondents also assert that since this Copenhaver filed this Petition, the Parole Commission held a hearing to determine whether he violated the conditions of his mandatory supervised release, and on May 26, 2015, revoked his release. Blumberg Aff., Resp. Ex. 1, ECF No. 5-1, Parole Commission Decision, Resp., Attach. A., ECF No. 5-2. Because Copenhaver has received the relief he sought in the Petition, it is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating a habeas petition is moot when there is no longer a case or controversy presented). Accordingly, this case will be dismissed as moot.

Lastly, the Petition does not satisfy the standard for a Certificate of Appealabilty, which may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. §2253(c).

## Conclusion

For these reasons the Petition shall be DENIED AND DISMISSED with prejudice, and a Certificate of Appealability SHALL NOT ISSUE.

A separate Order follows.

_____  
Date

_____  
Paul W. Grimm  
United States District Judge